## SHAFER v NEIL HOUSE COMPANY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2018. Decided Nov 2, 1931

W. H. Jones, Columbus, for plaintiff in error.

Messrs. Wilson & Rector, Columbus, for Fifth Third Union Trust Company, as Trustee.

### ALLREAD, J.

There is no bill of exceptions in the case and this would leave every inference available in favor of the judgment of the trial

court. A motion on the part of the plaintiff in error was filed on the day after the sale. It is a question whether this motion was filed before or after the confirmation of the sale. The motion of the plaintiff in error to vacate the sale was upon the theory that the plaintiff in error held a judgment or at least a claim for judgment subsequent to the lien of the mortgage holders. At the sale the mortgagee was the only bidder and his bid was accepted and he gave bond for the performance of the bid, and the payment of a substantial portion of the bid. In the absence of evidence we must presume that there was no fraud in the sale. **Ackerman v Cornell, 14 C.C. (N.S.), 525.** The only question is was there an irregularity in the sale? The mortgagee had a right to make the bid without paying the entire cash price. This is settled in the cases of **Andrews, Assignee v Johns, 59 Oh St, 65,** and the case of Beckman v The Emory Dash Machinery & Supply Company, 14 Appl. 275. It was sufficient if the mortgagee paid enough cash to pay the costs and preliminary expenses where there is no surplus over and above the mortgage to go to the subsequent creditors.

We find upon examination of this record that the sale was regularly made and confirmed and that the mortgagee paid all that he was required to pay for costs and prior creditors. We are therefore of opinion that the judgment of the Court of Common Pleas is correct and must be affirmed. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.